IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

GLEN SEARCY AND )
NADINE SEARCY )
9560 Johnson Road )
Agency, Missouri 64401 )
) 1016-CV01178
    Plaintiffs, ) Case No.: _____
)
Vs. ) Division: __15___
)
MID-AMERICA EYE CENTER, P.C. )
3830 West 75t Street )
Prairie Village, Kansas 66208 )
Serve Registered Agent: )
DTLC&M Service Company, Inc. )
4420 Madison Avenue )
Kansas City, Missouri 64111 )
)
And )
)
JOSEPH J. PARELMAN, M.D. )
3830 West 75th Street )
Prairie Village, Kansas 66208 )
)
    Defendants. )

**PETITION FOR DAMAGES**
**MEDICAL NEGLIGENCE**

    COME NOW THE PLAINTIFFS, Glen Searcy and Nadine Searcy, and for Count I of their claim against Defendants state:

    1. Plaintiffs Glen Searcy and Nadine Searcy are residents of Buchanan County, Missouri, residing at 9560 Johnson Road, Agency, Missouri 64401.

    2. Defendant Mid-America Eye Center, P.C. is a Kansas Corporation; at all times alleged herein, Defendant Mid-America Eye Center, P.C. transacted business in the State of Missouri, made contracts in the State of Missouri, and owned, used or possessed real estate in the State of Missouri, at business offices located at 815 S. Adams Street, Nevada, Missouri 64772, and at 204

West Chestnut, Butler, Missouri 64730, and jurisdiction is proper pursuant to Rule 54.06 (1), (2), and (4).

3. Pursuant to R.S.Mo. §538.232 (2005), for purposes of determining venue under R.S.Mo. 508.010, Plaintiff Glen Searcy is considered injured only in the county where Plaintiff first received medical treatment for a medical condition at issue in this case; that Plaintiff first received medical treatment by a defendant for a medical condition at issue in this case when he received medical care by Defendant Joseph J. Parelman, M.D. in Prairie Village, Kansas which is outside the State of Missouri; that pursuant to R.S.Mo. § 508.010-5 (2005), in all actions in which there is any count alleging a tort and in which the plaintiff was first injured outside the State of Missouri, if the defendant is a corporation, venue shall lie in any county where a defendant corporation's resident agent is located or in the county of the plaintiff's principal place of residence on the date the plaintiff was first injured; that the registered agent for Defendant Mid-America Eye Center, P.C. in the State of Missouri is DTLC&M Service Company, Inc., 4420 Madison Avenue, Kansas City, Missouri 64111, and venue is therefore proper in Jackson County, Missouri.

4. That House Bill 393, and numerous particular provisions therein, including the provisions of House Bill 393 that contain changes to venue laws in medical negligence cases, as stated in R.S.Mo. §508.010 and §538.232, violate the Missouri Constitution and are therefore invalid and without legal effect; that House Bill 393 violates the requirements in Article III, Section 23 of the Missouri Constitution that a bill have only a single subject and that that subject be clearly expressed in its title.

5. Defendant Joseph J. Parelman, M.D. is a physician who specializes in opthamology, and at all times alleged herein, represented himself to be educated, trained, skilled and

experienced in opthamology and capable of providing adequate and proper medical treatment to Plaintiff Glen Searcy; at all times alleged herein, Defendant Joseph J. Parelman, M.D. was an employee of Defendant Mid-America Eye Center, P.C., and was acting within the course and scope of his employment with Defendant Mid-America Eye Center, P.C., while providing medical treatment to Plaintiff Glen Searcy; that Defendant Mid-America Eye Center, P.C., is liable for the negligent acts and/or omissions of its employee, Defendant Joseph J. Parelman, M.D.

6. On and after January 17, 2008, Defendant Joseph J. Parelman, M.D. treated Plaintiff Glen Searcy's left eye for a condition diagnosed as calcific band keratopathy; in connection with the treatment of Glen Searcy's left eye, Defendant Joseph J. Parelman, M.D. performed a procedure known as EDTA chelation; while performing that procedure, as Defendant Joseph J. Parelman, M.D. was preparing to place a lens in the left eye of Plaintiff Glen Searcy, the lens was dropped, and instead of obtaining a new sterile lens, Defendant gave instructions to his assistant that the lens that was dropped be rinsed off, and then Defendant Parelman proceeded to place that lens in Plaintiff Glen Searcy's left eye; that within four days after the lens was placed in Plaintiff Glen Searcy's left eye, he developed a serious infection in his left eye which resulted in total loss of vision in his left eye.

7. The infection and loss of vision in Plaintiff Glen Searcy's left eye was caused, or contributed to be caused, by the following negligent acts and/or omissions of Defendant Joseph J. Parelman, M.D., which are imputed to Defendant Mid-America Eye Center, P.C. :

(a) Defendant Parelman failed to adequately and properly clean, sanitize and disinfect the area around Plaintiff Glen Searcy's left eye so as to substantially reduce the risk of infection;

(b) Defendant Parelman failed to administer adequate and proper antibiotics, medications andointments before and during the EDTA chelation procedure so as to substantially reduce the risk of infection;

(c) Defendant Parelman failed to prescribe adequate and proper antibiotics, medications and ointments following the EDTA chelation procedure so as to substantially reduce the risk of infection;

(d) Defendant Parelman placed a lens in Plaintiff's left eye after it was dropped and rinsed off;

(e) Defendant Parelman instructed that the lens be rinsed off after it was dropped, rather than obtaining and placing a new and sterile lens;

(f) Defendant Parelman performed the EDTA chelation therapy himself, rather than having it performed by another physician in his medical group who was capable, competent and experienced in performing the procedure;

(g) Defendant Parelman failed to administer and prescribe adequate and proper medications, antibiotics, and ointments after becoming aware that Plaintiff Glen Searcy was allergic to iodine;

(h) Defendant Parelman failed to take adequate and proper steps to clean, sanitize, and disinfect the area around Plaintiff's left eye after becoming aware that Plaintiff Glen Searcy was allergic to iodine;

(i) Defendant Parelman failed to take adequate and proper steps to clean, sanitize, and disinfect the area around Plaintiff's left eye after becoming aware that Plaintiff Glen Searcy had blepharitis;

4

(j) Defendant Parelman failed to administer and prescribe adequate and proper medications, antibiotics, and ointments after becoming aware that Plaintiff Glen Searcy had blepharitis.

8. That House Bill 393, and numerous particular provisions therein, including the provisions of House Bill 393 that contain changes to laws requiring affidavits in medical negligence cases as stated in R.S.Mo. §538.225, violate the Missouri Constitution and are therefore invalid and without legal effect; House Bill 393 violates the requirements in Article III, Section 23 of the Missouri Constitution that a bill have only a single subject and that that subject be clearly expressed in its title; R.S.Mo. §538.225, which requires plaintiff's counsel to submit an affidavit stating that counsel has obtained the written opinion of a legally qualified health care provider that each defendant breached the applicable standard of care, purports to limit the definition of "legally qualified health care provider" to those who either are practicing or have recently practiced the same specialty as the defendant, and purports to require the court to dismiss the action if plaintiff's counsel either fails to submit said affidavit or, after in camera review of the written opinion, the court determines that there is not probable cause to believe that a qualified and competent health care provider will testify that the plaintiff was injured due to medical negligence by a defendant, and House Bill 393 and §538.225 violates:

(a) Plaintiffs' right to open courts and a certain remedy for every injury, guaranteed by Article I, Section 14 of the Missouri Constitution;

(b) Plaintiffs' right to trial by jury, guaranteed by Article I, Section 22(a) of the Missouri Constitution;

(c) The separation of powers, established by Article II, Section I, of the Missouri Constitution;

(d) The requirement that any law amending or annulling a Supreme Court rule of practice, procedure, or pleading be limited to that purpose, established by Article V, Section 5 of the Missouri Constitution.

9. The above-referenced negligent acts and/or omissions caused, and/or contributed to cause, the following injuries and damages to Plaintiff Glen Searcy:

(a) He has suffered total loss of vision in his left eye; he experiences pain, discomfort and disability as a result of the loss of vision in his left eye which is permanent; his ability to engage in physical activities has been substantially and permanently impaired;

(b) He has incurred medical expenses and will incur medical expenses in the future;

(c) He has suffered serious and permanent damage to his ability to enjoy life;

(d) His mental and emotional condition has been adversely affected due to the loss of vision in his left eye;

10. Plaintiff Glen Searcy's damages are in excess of $25,000.00 exclusive of interest and costs; that House Bill 393, and numerous particular provisions therein, including the provisions of House Bill 393 that contain changes to laws governing non-economic damages in medical negligence cases as stated in R.S.Mo. §538.210, violate the Missouri Constitution and are therefore invalid and without legal effect; House Bill 393 violates the requirements in Article III, Section 23 of the Missouri Constitution that a bill have only a single subject and that that subject be clearly expressed in its title; R.S.Mo. §538.210, which purports to limit plaintiff's recovery for non-economic damages against a health care provider in an action for damages for personal injury or death arising out of the rendering of or the failure to render health care services violates:

6

(a) Plaintiffs' right to equal protection of the law, guaranteed by Article I, Section 2 of the Missouri Constitution;

(b) Plaintiffs' right to due process of law, guaranteed by Article I, Section 10 of the Missouri Constitution;

(c) Plaintiffs' right to a certain remedy for every injury, guaranteed by Article I, Section 14 of the Missouri Constitution;

(d) Plaintiffs' right to trial by jury, guaranteed by Article II, Section 22(a) of the Missouri Constitution;

(e) The separation of powers, established by Article II, Section I of the Missouri Constitution;

(f) The prohibition against special laws granting to any corporation, association, or individual any special or exclusive right, privilege or immunity, established by Article III, Section 40 (28) of the Missouri Constitution.

That R. S. Mo. § 490.715, contained in House Bill 393, which purports to transfer from the jury to the court the authority to determine the value of medical treatment rendered to the plaintiff, violates plaintiff's right to trial by jury as guaranteed by Article I, Section 22 (a) of the Missouri Constitution.

That R.S.Mo. § 408.040, which purports to establish different rates for the calculation of post-judgment interest in tort and non-tort actions, as well as different rates for the calculation of pre- and post-judgment interest in tort actions, violates plaintiff's right to equal protection of the law, guaranteed by Article I, Section 2 of the Missouri Constitution;

That R.S.Mo. §538.300, which purports to exempt tort claims against health care providers from the statutory requirements for payment of pre- and post-judgment interest set

forth in §408.040, violates plaintiff's right to equal protection of the law, guaranteed by Article I, Section 2 of the Missouri Constitution and the prohibition against special laws granting to any corporation, association, or individual any special or exclusive right, privilege or immunity, established by Article III, Section 40 (28) of the Missouri Constitution.

That R.S.Mo. §537.067, which purports to eliminate the joint and several liability of tort defendants who are found to bear less than fifty-one (51%) of the fault for plaintiff's injuries, and to prohibit any party from disclosing the impact of this provision to the jury, violates plaintiff's right to due process of law, guaranteed by Article I, Section 10 of the Missouri Constitution, and plaintiff's right to a certain remedy for every injury, guaranteed by Article I, Section 13 of the Missouri Constitution, which prohibits laws from operating retrospectively.

WHEREFORE, Plaintiff Glen Searcy prays for judgment against Defendants in an amount that is fair and reasonable, for pre-judgment interest, for his costs incurred, and for such other and further relief as the Court may deem just and proper.

### Count II

COMES NOW THE PLAINTIFF, Nadine Searcy, and for her claim against Defendants states:

1. Plaintiff realleges and incorporates all allegations of Count I of this Petition.

2. At all times alleged herein, Plaintiffs Glen Searcy and Nadine Searcy were husband and wife.

3. As a result of the negligent acts and omissions of Defendants, Plaintiff Nadine Searcy was caused to shoulder additional physical and emotional burden and responsibility of caring for her injured husband, household chores, maintenance and upkeep; that their marital relationship

was adversely affected due to the financial and emotional stress caused by the unnecessary and needless period of pain, disability, and inactivity that her husband was forced to suffer.

4. As a result of the negligence of Defendants and the injury suffered by Plaintiff Glen Searcy as a result, Plaintiff Nadine Searcy sustained damage; that all of the allegations regarding the unconstitutionality of House Bill 393 and specifically the unconstitutionality of the provisions of R.S.Mo. §538.225, §538.210, §490.715, §408.040, §538.300, §537.067, §508.010 and §538.232 are realleged and incorporated by reference herein.

WHEREFORE, Plaintiff Nadine Searcy prays for judgment against Defendant in an amount that is fair and reasonable, for pre-judgment interest, for her costs incurred, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

*[signature]*
DANIEL R. BROWN #28320
Attorney at Law
A Professional Corporation
401 W. 58 Hwy.
P.O. Box 560
Raymore, Missouri 64083
(816) 322-4466 Office
(816) 348-0896 Facsimile
email: dan@drbrown-law.com

ATTORNEY FOR PLAINTIFFS

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

GLEN SEARCY,

              **PLAINTIFF(S),**           CASE NO. 1016-CV01178

VS.                                                              DIVISION 15

MID-AMERICA EYE CENTER PC,

              **DEFENDANT(S).**

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE AND ORDER FOR MEDIATION

      NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **ROBERT MICHAEL SCHIEBER** on 27-MAY-2010 in DIVISION 15 at 02:30 PM. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

      A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

      At the Case Management Conference, counsel should be prepared to address at least the following:

    a.    A trial setting;

    b.    Expert Witness Disclosure Cutoff Date;

    c.    A schedule for the orderly preparation of the case for trial;

    d.    Any issues which require input or action by the Court;

    e.    The status of settlement negotiations.

NCMCIVI 01-09

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16circuit.org for division polices and procedural information listed by each judge.

/S/ **ROBERT MICHAEL SCHIEBER**
ROBERT MICHAEL SCHIEBER, Circuit Judge

### Certificate of Service

This is to certify that a copy of the foregoing was mailed postage pre-paid or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
DANIEL ROBERT BROWN, 401 W 58 HWY, P.O. BOX 560, RAYMORE, MO 64083

Defendant(s):
MID-AMERICA EYE CENTER PC
JOSEPH J PARELMAN MD

Dated: 20-JAN-2010

Teresa L. York
Court Administrator

NCMCIVI 01-09

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

| | |
|---|---|
| GLEN SEARCY AND<br>NADINE SEARCY<br>9560 Johnson Road<br>Agency, Missouri 64401<br><br>Plaintiffs.<br><br>Vs.<br><br>MID-AMERICA EYE CENTER, P.C.<br>3830 West 75t Street<br>Prairie Village, Kansas 66208<br>Serve Registered Agent:<br>DTLC&M Service Company, Inc.<br>4420 Madison Avenue<br>Kansas City, Missouri 64111<br><br>And<br><br>JOSEPH J. PARELMAN, M.D.<br>3830 West 75th Street<br>Prairie Village, Kansas 66208<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No.: 1016-CV01178<br>)<br>)  Division: 15<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DESIGNATION OF LEAD ATTORNEY OF RECORD
## FOR PLAINTIFF

COME NOW Plaintiffs, and designates Daniel R. Brown as Lead Attorney of Record, pursuant to Local Rule 3.5.1.

Respectfully submitted,

*Daniel R. Brown*
DANIEL R. BROWN #28320
Attorney at Law
A Professional Corporation
P.O. Box 560
Raymore, Missouri 64083
(816) 322-4466 Office
(816) 348-0896 Facsimile
email: dan@drbrown-law.com

ATTORNEY FOR PLAINTIFFS



## IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>ROBERT MICHAEL SCHIEBER | Case Number: 1016-CV01178 |
|---|---|
| Plaintiff/Petitioner:<br>GLEN SEARCY<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>DANIEL ROBERT BROWN<br>401 W 58 HWY<br>P.O. BOX 560<br>RAYMORE, MO 64083 |
| Defendant/Respondent:<br>MID-AMERICA EYE CENTER PC | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Pers Injury-Malpractice | |

(Date File Stamp)

### Summons for Personal Service Outside the State of Missouri
(Except Attachment Action)

The State of Missouri to: JOSEPH J PARELMAN MD
Alias:
3830 WEST 75TH STREET
PRAIRIE VILLAGE, KS 66208

**COURT SEAL OF JACKSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

JAN 25 2010
_____                                        _____
      Date                                                                                     Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____                              _____
Printed Name of Sheriff or Server            Signature of Sheriff or Server

Subscribed and Sworn To me before this _____ (day) _____ (month) _____ (year).
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
                   ☐ the judge of the court of which affiant is an officer.
(Seal)             ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                     (use for out-of-state officer)
                   ☐ authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title

Service Fees, if applicable
Summons    $_____
Non Est    $_____
Mileage    $_____ ( _____ miles @ $_____ per mile)
Total      $_____

See the following page for directions to clerk and to officer making return on service of summons.

OSCA (7-04) SM60 (JAKSMOS) For Court Use Only; Document ID# 10-SMOS-94    1 of 2    (1016-CV01178)    Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

Case 4:10-cv-00199-GAF   Document 1-1   Filed 03/02/10   Page 13 of 13